UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_TALLAHASSEE_ DIVISION

**CIVIL RIGHTS COMPLAINT FORM**
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**

Frederick Webster
Inmate # 856553
(Enter full name of Plaintiff)

vs.

CASE NO: 4:14cv114-RH/CAS
(To be assigned by Clerk)

Florida Department OF Corrections & Michael D. Crews, Secretary, et al.,

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Frederick Webster
Inmate Number: 856553
Prison or Jail: Union Correctional Inst.
Mailing address: 7819 N.W. 228 Street
Raiford, Florida
32026

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant.

(1) Defendant's name: Florida Dept. Corr. et al
   Official position: Correctional Institution
   Employed at: 501 S. Calhoun St.
   Mailing address: Tallahassee, Florida 32399

(2) Defendant's name: Michael D. Crews
   Official position: Secretary DOC
   Employed at: Florida Dept. Corr.
   Mailing address: 501 S. Calhoun St. 32399

(3) Defendant's name: _____
   Official position: _____
   Employed at: _____
   Mailing address: _____

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( X )   No(  )

1. Parties to previous action:
   a. Plaintiffs: Frederick Webster
   b. Defendants: Florida Department of Corrections
2. Name of Jude: Kevin J. Carroll  Case #: 2013-CA-003013
3. County and judicial circuit: 2d judicial circuit, Leon County, Florida
4. Approximate filing date: October 29, 2013
5. If not pending date of dismissal:
6. Reason for dismissal:
7. Facts and claims of case: Mandamus to compel DOC under FAC 33-203.201(12)
8. Plaintiff is unsure of any other civil cases he has filed other than the stated cases herein.

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes(  )   No( X )

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

    7.    Facts and claims of case: _____

_____

(Attach additional pages as necessary to list other federal court cases.)

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

    Yes(X)        No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiffs: Frederick Webster
   b. Defendants: Harry Singletary
2. District and Judicial division: U.S. District Court Southern District Florida
3. Name of Judge: Shelby Highsmith  Case # 97-CV-7216
4. Approximate filing date: October 30, 1997
5. If not still pending, date of dismissal:
6. Reason for dismissal: Untimely 2254 habeas corpus petition
7. Facts and claims of case: Denial Fair Trial, etc. (See additional page 4A)

    (Attach additional pages as necessary to list cases.)

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

    Yes( )        No(X)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

4

1. Parties to previous action:
   a. Plaintiff: Frederick Webster
   b. Defendants: Michael D. Crews
2. District and Judicial division: US District Court Southern District Florida
3. Name of Judge: Cohn  Case #: 13-60437-CIV-Cohn
4. Approximate filing date: February 22, 2013
5. If not still pending date of dismissal: May 17, 2013
6. Reason for dismissal: Unauthorized successive petition
7. Facts and claims of case: Fundamental miscarriage of justice, etc.

4A

6.    Facts and claims of case: _____

_____

(Attach additional pages as necessary to list cases.)

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

**CLAIM ONE DENIAL OF COURT ACCESS:**

Plaintiff, Frederick Webster claims that the above named Defendants did while acting under color of state law did willfully deny Plaintiff a copy of his inmate trust account for filing forma pauperis in the Eleventh Circuit Court of Appeal of his 2254 federal habeas corpus petition thus denying him court access and states as follow:

On April, 24 2013, the United Stated Eleventh Circuit Court of Appeal issued its order to Plaintiff in which ordered that Plaintiff (hereinafter Webster) to pay the filing fee of his habeas corpus appeal or submit a proper affidavit of indigency with attached six months statement of his inmate truse account.

On May 2, 2013 Webster submitted his inmate request to the Department of Corrections Inmate Bank in which he sought for a six months statement of his inmate trust account for filing forma pauperis in his habeas corpus appeal.

As a precaution measure to meet his court deadline, On May 7, 2013 Webster sought for an extension of time in the Eleventh Circuit to submit his affidavit of indigency with his statement of his inmate trust account.

On May 10, 2013 the Department of Corrections (hereinafter DOC) returned Webster's May 2, 2013 request for his inmate bank statement to him without any actions taken on the request.

On May 13, 2013, Webster resubmitted his inmate request to DOC for his inmate bank account statement. Meanwhile, on May 17, 2013 the Eleventh Circuit granted Webster an extension of time up until May 24, 2013 to submit his affidavit of indigency with attached inmate trust account.

Nevertheless, on May 17, 2013, Webster's inmate request for his inmate trust account dated May 13, 2013 was also again returned to him without any actions taken on it by DOC. See

On May 19, 2013, Webster again resubmitted his inmate request for his inmate trust account which the request was returned to him the very next day without any action taken on it by DOC. Also on or about May 19, 2013, Webster submitted his grievance to DOC in which he grieved the denial of his access to his inmate trust account for filing forma pauperis in the courts.

Thereafter, on May 20, 2013, Webster again sought for an extension of time in the Eleventh Circuit Court to file his affidavit of indigency with attached inmate trust account (Exhibit F), Webster has also noted to the Court that he was in the middle of grievance process relevant to DOC's failure to carryout its mandatory duty to provide him with his inmate trust account for filing in the courts.

On June 7, 2013, the Eleventh Circuit again granted Webster a extension of time to file his affidavit an inmate trust account in which giving Webster up until June 24, 2013 to file his affidavit of indigency. As stated above Webster did submit his inmate grievance to DOC, but up until this very date of filing this complaint Webster has not received any response from his inmate grievance process. On June 12, 2013 Webster again submitted his grievance DOC, but to no avail he still has not received any response from the grievance. Thus, DOC has failed to provide Webster with his inmate trust account for filing in the court contrary to its requirement of Florida Administrative Code 33-302.201(12). Thereafter the Eleventh Circuit Court of Appeal dismissed Webster's appeal for failure to prosecute in that he has failed to submit a proper affidavit of indigency with attached inmate bank statement.

On September 6, 2013, Webster submitted his Notice of Intent to Sue to the State Department of Insurance and to Jennifer Parker, General Counsel for DOC. To this present date neither Defendant has responded to the Notice.

Thus, on or about July 22, 2013, Webster filed mandamus in the Second Judicial Circuit Court in which he continues to attempt to compel the Defendants to carry out their mandatory duty to provide Webster with his inmate trust account as required under FAC 33-203.201(12). That said mandamus proceeding is still pending as of the date of filing this complaint.

**CLAIM TWO: INTENTIONAL STATE TORT:**

Webster seeks to invoke the supplemental jurisdiction of this Court to review his state tort claim and states as follow:

6

Case 4:14-cv-00114-RH-CAS   Document 1   Filed 03/03/14   Page 8 of 9

Defendants DOC and Michael D. Crews, both did malicious acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Webster's human rights contrary to their mandatory duties individually owed to Webster under FAC 33-203.201(12). DOC's continuous refusal to honor Webster's request for his inmate trust account for filing in the courts did demonstrate a willful disregard of Webster's constitutional right of access to the courts.

Michael D. Crews as Secretary of DOC knew or should have known of DOC's failure to provide Webster with his inmate trust account whereas Crews was informed of the incident via Webster's Notice of Intent to Sue; Webster's grievance process and the ongoing mandamus proceeding in the Second Judicial Circuit Court in light of the fact that a copy of the mandamus was served upon counsel for DOC nevertheless, to this very date Crews has not taken any steps to provide Webster with his inmate trust account for reinstating his habeas corpus appeal.

7

VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

1. Plaintiff claims that he was denied all provision of his state and federal constitutional right to access the courts.

2. Webster seeks to invoke the supplemental jurisdiction of this Court to review his state tort claim under the provisions of Florida Statute 768.28.

VII. RELIEF REQUESTED:

In this action Webster seeks punitive monetary damages against each Defendant in the amount of $50,000.00 whereas, Defendants DOC and Michael D. Crews, both did malicious acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Webster's human rights contrary to their mandatory duties individually owed to Webster under FAC 33-203.201(12). DOC's continuous refusal to honor Webster's request for his inmate trust account for filing in the courts did demonstrate a willful disregard of Webster's constitutional right of access to the courts; and monetary damages as compensatory damages in the amount of $40,000.00.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

2-27-14
(Date)

_Frederick Webster_
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 27 day of February, 2014.

_Frederick Webster_
(Signature of Plaintiff)

Revised 03/07

8