AMENDED COMPLAINT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
__TALLAHASSSEE__ DIVISION

RECEIVED
UNION CORRECTIONAL INSTITUTION
APR 17 2014
BY_____
FOR MAILING

# AMENDED
## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

FREDERICK WEBSTER_____,
Inmate # 856553_____.
(Enter full name of Plaintiff)

vs.

CASE NO: 4:14cv114-RH/CAS
(To be assigned by Clerk)

Michael D. Crews, et. al.,
Nan Jeffcoat_____,
Evan Brown_____,
C. Brown_____,
John Doe_____.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

I. **PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Frederick Webster
Inmate Number: 856553
Prison or Jail: Union Correctional
Mailing address: 7819 N.W. 228th St.
Raiford, Florida
32026

II. **DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Michael D. Crews
Official position: Secretary of FDOC
Employed at: Fla. Dept. Corr.
Mailing address: 501 S. Calhoun St,
Tallahassee, Florida 32399

(2) Defendant's name: Nan Jeffcoat
Official position: Assistant Warden
Employed at: Union Correctional
Mailing address: 7819 N.W. 228th St,
Raiford, Florida

(3) Defendant's name: Evan Brown
Official position: Librarian
Employed at: Union Correctional
Mailing address: 7819 N.W. 228th St
Raiford, Florida

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

(4)  Defendant's name:   C. Brown
     Official position:  Canteen Manager
     Employed at:        Union Correctional
     Mailing address:    7819 N.W. 228th Street Raiford, Florida 32026

(5)  Defendant's name:   John Doe
     Official position:  Correctional staff member
     Employed at:        Union Correctional
     Mailing address:    7819 N.W. 228th Street Raiford, Florida 32026

2A

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. §1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action?
Yes(X)   No( )

1. Parties to previous action:
   a. Plaintiffs: Frederick Webster
   b. Defendants: Florida Department of Corrections
2. Name of Jude: Kevin J. Carroll  Case #: 2013-CA-003013
3. County and judicial circuit: 2d judicial circuit, Leon County, Florida
4. Approximate filing date: October 29, 2013
5. If not pending date of dismissal:
6. Reason for dismissal:
7. Facts and claims of case: Mandamus to compel DOC under FAC 33-203.201(12)
8. Plaintiff is unsure of any other civil cases he has filed other than the stated cases herein.

B. Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?
Yes( )   No(X)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

3

    7.    Facts and claims of case: _____

_____

(Attach additional pages as necessary to list other federal court cases.)

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

    Yes( X )        No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiffs: Frederick Webster
   b. Defendants: Harry Singletary
2. District and Judicial division: U.S. District Court Southern District Florida
3. Name of Judge: Shelby Highsmith   Case # 97-CV-7216
4. Approximate filing date: October 30, 1997
5. If not still pending, date of dismissal:
6. Reason for dismissal: Untimely 2254 habeas corpus petition
7. Facts and claims of case: Denial Fair Trial, etc. (See additional page 4A)

(Attach additional pages as necessary to list cases.)

D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

    Yes( )        No( X )

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case Docket # _____
4. Approximate filing date: _____   Dismissal date: _____
5. Reason for dismissal: _____

4

1. Parties to previous action:
    a. Plaintiff: Frederick Webster
    b. Defendants: Michael D. Crews
2. District and Judicial division: US District Court Southern District Florida
3. Name of Judge: Cohn  Case #: 13-60437-CIV-Cohn
4. Approximate filing date: February 22, 2013
5. If not still pending date of dismissal: May 17, 2013
6. Reason for dismissal: Unauthorized successive petition
7. Facts and claims of case: Fundamental miscarriage of justice, etc.

4A

6.      Facts and claims of case: _____

_____

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

Plaintiff, Frederick Webster sues each of the above named Defendants in their individual capacity for their individual acts being committed under color of state law resulting a violation of Plaintiff's First Amendment Constitutional right to access the court and states as follow:

1. Plaintiff has filed in the U.S. District Court of Florida a 2254 habeas corpus petition in which he collaterally attack his convictions and sentences for which he is currently incarcerated on.

2. The District Court has erroneously dismissed the habeas corpus petition erroneously concluding that the habeas corpus petition is a successive petition in which Plaintiff is required to seek authorization of the Circuit Court of Appeal to file a successive petition.

3. Webster contends that where his previous habeas corpus was denied on procedural grounds without any determination of the merits of the claims presented therein his subsequent pleading would not constitute a successive petition under habeas corpus jurisprudence requiring authorization to file a successive petition. Moreover, Webster's instant habeas corpus petition contains newly discovered evidence and facts which would demonstrate his actual innocence and that his conviction and sentence for felony murder is predicated upon a nonexistence crime under Florida law, thus based on the foregoing facts it would result in a manifest injustice if the court did not review his habeas corpus petition on the merits. Nevertheless, the District Court failed to treat the habeas corpus petition as being a request for authorization to file a successive petition and thereby transfer the petition to the Eleventh Circuit Court for its consideration.

4. At all times mentioned hereinafter Webster is an indigent pro se litigant in all state and federal court proceedings.

5. Webster has sought to appeal of his habeas corpus petition in the Eleventh Circuit Court of Appeal.

6. On April 24, 2013, the U.S. Eleventh Circuit Court of Appeal issued its order to Webster in which requiring him to pay the filing fee of the appeal or submit an affidavit of indigency with attached six months statement of his inmate trust account.

7. Normally all inmates housed at Union Correctional Institution are required to procure six months statement of their trust account from the Institution law library for filing in the courts. Thus 0n May 2, 2013, Webster requested of Mr. E. Brown, librarian of Union Correctional Institution to provide Webster with a six months statement of his inmate trust account for filing his appeal of his habeas corpus petition in the Eleventh Circuit Court nevertheless, Mr. Brown while acting under color of state law did refused to provide Webster with a six months statement of his inmate trust account contrary to his duty under Florida Administrative Code 33-203.201 (12).

8. Then, on May 2, 2013, Webster submitted his inmate request to the Department of Corrections (DOC) inmate bank in which he sought a six months statement of his inmate trust account for filing in the court forma pauperis. Nevertheless, DOC's staff member, John Doe while acting under color of state law did refused to provide Webster with a six months statement of his inmate trust account contrary to his duty under Florida Administrative Code 33-203.201 (12).

9. As a precaution measure to meet his court deadline date Webster sought for and procured an extension of time to file his affidavit of indigency in the Eleventh Circuit.

10. On May 10, 2013, DOC staff member John Doe returned to Webster via institutional mail his request for his inmate bank statement without any action taken on the request.

11. On May 13, 2013, Webster resubmitted his inmate request to DOC's inmate bank for a six months statement of his inmate trust account. However, on May 17, 2013, DOC's staff member, John Doe again while acting under color of state law refuesed to honor Webster's request for his inmate bank statement and thereafter returned to Webster his inmate request without any action taken on the request.

12. Subsequently, on May 17, 2013, the Eleventh Circuit Court of Appeal granted Webster an extension of time up until May 24, 2013 to file his affidavit of indigency with attached statement of his inmate trust account.

13. Nevertheless, on the same date of May 17, 2013 DOC's staff member John Doe again failed to provide Webster with a six months statement of his inmate

trust account and returned Webster's inmate request to him via institutional mail.

14. On or about May 19, 2013, Webster spoke with Lieutent Warren at Union Correctional Institution about his problem of procuring a six months statement of his inmate trust account for filing in the court. At that time Lieutent Warren informed Webster that the Institution Canteen manager, Ms. C. Brown does have access to all inmates inmate trust account and that he (Webster) should send Ms. Brown a request for his statement of his inmate trust account. Webster then filed a request to Ms. C. Brown in which he request a six months statement of his inmate trust account, but to no avail the request was returned to him via institutional mail the very next day without any action taken thereon.

15. Thus, on or about May 19, 2013, Webster submitted his inmate grievance to the then assigned Warden, Ms. A. Jeffcoat at Union Correctional Institution. To no avail, Warden Jeffcoat while acting under color of state law did failed to carry out her mandatory duty under Florida Administrative Code 33-203.210 (12) to provide Webster with a statement of his inmate trust account. Moreover, Warden Jeffcoat did not process Webster's grievance relevant to his request for a statement of his inmate trust account.

16. On May 20, 2013, Webster sought for an extension of time in the Eleventh Circuit Court to file his affidavit of indigency with attached inmate statement of his inmate trust account at which time Webster did note to the Court that he was in the mist of grievance process at his place of incarceration.

17. On June 7, 2013, the Eleventh Circuit Court again granted Webster an extension of time to file his affidavit of indigency and inmate statement of his trust account. The Eleventh Circuit granted Webster up until June 24, 2013 to file his affidavit of indigency with the court.

18. On June 12, 2013, Webster filed a grievance to Secretary of DOC, Mr. Michael D. Crews in reference to the denial of his right to receive a six months statement of his inmate trust account for filing in the courts. Nevertheless, Mr. Crews has not taken any measures to provide Webster with a statement of his inmate trust account for the courts, nor has Mr. Crews acknowledged Webster's grievance relevant to the denial of his right to receive a six months statement of his inmate trust account pursuant to Florida Administrative Code 33-203.201(12).

19. Eventually, the Eleventh Circuit Court of Appeal eventually dismissed Webster's appeal for failure to pay filing fee or submit a affidavit of his indigency for forma pauperis on appeal thus, leaving Webster without any other avenue for review of his habeas corpus petition.

20. On September 6, 2013, Webster submitted his Notice of Intent to Sue to the State Department of Insurance and to Jennifer Parker, General Counsel for DOC. To this present date neither of Defendants has responded to the Notice.

21. On or about July 22, 2013, Webster filed mandamus in the Second Judicial Circuit Court in which he continues to attempt to compel the Defendants to carry out their mandatory duty to provide Webster with a statement of his inmate trust account pursuant to FAC 33-203.201(12). The said mandamus proceeding is still pending to this very date of filing this civil rights complaint.

Webster also seeks to invoke the supplemental jurisdiction of this Court to review his state tort claim in which he sues each defendant in their individual capacity for their intentional torts against Webster and states as follow:

1. Webster further reallegs and relies on the facts set forth above in support of his state tort claim whereas, each of the above named Defendants failed to carry out their mandatory duty under Florida Administrative Code 33-203.201(12) thus resulting the denial of Webster's constitutional right to access the courts.

2. Webster contends that each of the above named Defendants has a duty individually owe to Webster under FAC 33-203.201 (12) to provide Webster with his inmate bank statement of his inmate account. Webster further contends that each above named Defendants said acts were committed in bad faith, with malicious purpose, or in wanton and willful manner without any regards for Plaintiff's constitutional substantive rights to access the courts where each Defendant completely ignored Webster's substantive right to access his inmate trust account under FAC 33-203.201(12); and of his efforts made to procure a bank statement of his inmate trust account. Even after Webster filed petition for writ of mandamus Defendant's still failed to acknowledge their duty owed individually to Webster under FAC 33-203.201. Thus a clear demonstration of Defendant's malicious purpose with wanton, willful disregard for Webster's substantive rights is shown.

VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

1. Plaintiff claims that he was denied all provision of his state and federal constitutional right to access the courts.

2. Webster seeks to invoke the supplemental jurisdiction of this Court to review his state tort claim under the provisions of Florida Statute 768.28.

VII. RELIEF REQUESTED:

In this action Webster seeks punitive monetary damages against each Defendant in the amount of $50,000.00 whereas, Defendants DOC and Michael D. Crews, both did malicious acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Webster's human rights contrary to their mandatory duties individually owed to Webster under FAC 33-203.201(12). DOC's continuous refusal to honor Webster's request for his inmate trust account for filing in the courts did demonstrate a willful disregard of Webster's constitutional right of access to the courts; and monetary damages as compensatory damages in the amount of $40,000.00.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

April 17 2014
(Date)

_____
(Signature of Plaintiff)

IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 17 day of April, 2014.

_____
(Signature of Plaintiff)

Revised 03/07