IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FREDERICK WEBSTER,

    Plaintiff,

vs.                                   Case No. 4:14cv114-RH/CAS

MICHAEL D. CREWS,
SECRETARY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 7. The amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A and because it is clear that the complaint fails to state a claim upon which relief may be granted, this case should be dismissed. Moreover, the case should be dismissed because Plaintiff has not honestly disclosed all prior filings.

The complaint form requires inmates to disclose all prior cases filed. Doc. 7 at 4 (Section IV). Plaintiff makes the statement that he "is unsure of any other civil cases he has filed other than the" cases he lists in the amended complaint. *Id.* Plaintiff discloses one state mandamus action filed in Leon County, Florida, and two § 2254 habeas

petitions filed in the United States District Court Southern District of Florida, case numbers 97-cv-7216 and 13-cv-60437. Doc. 7 at 5-6. Plaintiff also states that he has not initiated any other actions dealing with the same or similar facts or issues as were involved in this case. *Id.* at 4. Further, Plaintiff attests that he has never had any federal case "dismissed as frivolous, malicious, failing to state a claim, or prior to service." *Id.* at 5. None of those answers are true.

Judicial notice is taken that Plaintiff[1] previously filed the following civil rights cases in the Southern District of Florida, which he did not disclose: case number 0:02-cv-60001, filed on January 2, 2002, and dismissed on February 1, 2002; case number 0:06-cv-60879, filed on June 20, 2006, and dismissed on June 29, 2006; case number 0:06-cv-60978, filed on July 3, 2006, and dismissed on October 16, 2008; case number 0:09-cv-61418, filed on September 9, 2009, and dismissed on November 9, 2009; and case number 0:12-cv-62543, filed on December 26, 2012, and dismissed on February 21, 2014. Plaintiff also filed case number 3:03-cv-00375 in the Middle District of Florida on May 6, 2003, and it was dismissed on May 22, 2003. In addition, while Plaintiff disclosed filing two federal habeas petitions, Plaintiff did not disclose that he also previously filed case number 0:09-cv-60273, on February 19, 2009, which was dismissed on March 31, 2009.

Moreover, Plaintiff did not disclose that case number 0:09-cv-61418 was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a "strike." *See* 28 U.S.C. § 1915(g). Plaintiff has accumulated a second

---

[1] Review of the docket sheet for each of these cases confirms they were filed by Plaintiff Frederick Webster, Department of Corrections inmate number 856553.

Case No. 4:14cv114-RH/CAS

"strike" as well because case number 0:02-cv-60001 was dismissed as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Those dismissals should have been disclosed by Plaintiff in response to Question D, but were not. Plaintiff's lack of truthfulness justifies dismissal of this case. See <u>Jones v. Warden of Stateville Corr. Ctr.</u>, 918 F. Supp. 1142, 1150-51 (N.D. Ill. 1995) (finding "[t]he knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court."); <u>Procup v. Strickland</u>, 760 F.2d 1107, 1111 (11th Cir. 1985), *on rehearing,* 792 F.2d 1069 (11th Cir. 1986) (vacating the district court's injunction, but holding that the district court has authority to impose serious restrictions on Procup's bringing matters before the court without an attorney.). Plaintiff is advised that should this Report and Recommendation be adopted, this case will count as Plaintiff's third "strike" and he is barred from proceeding in federal court with in forma pauperis status absent allegations that he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).

Plaintiff also should have disclosed that case number 06-60978 concerns the same issue as Plaintiff raises in this case. There, Plaintiff complained that clerical staff at the state circuit court failed to timely file pleadings which he mailed for consideration and, thus, denied him access to the courts and prevented him from collaterally attacking his state conviction and sentence. See doc. 59, case number 06-60978. That case was dismissed under the standards of <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), because Plaintiff could not show he was prejudiced. *Id.* at 4-6. As will be discussed in greater detail below, that is the same issue Plaintiff seeks to litigate in this case.

Here, Plaintiff alleges that because prison officials at the Department of Corrections failed to provide him with a copy of his inmate bank account statement, his appeal to the United States Eleventh Circuit Court of Appeal was dismissed.  Doc. 7.  Plaintiff contends that he submitted numerous inmate requests for his inmate bank account statement, but no actions were taken to provide him with the necessary copy.  As a result, and after having been provided two extensions of time, the Eleventh Circuit dismissed Plaintiff's appeal for failure to prosecute.[2]  *Id.*  Plaintiff's attempted appeal was the dismissal of a successive § 2254 habeas petition.  The order of dismissal in that case (case number 0:13cv60437) found that for Plaintiff to pursue his successive habeas petition, he "first needed to obtain authorization from the Eleventh Circuit."  Doc. 7 of that case.  Plaintiff did not do so and, as was noted by United States District Judge James Cohn, Plaintiff had "previously been denied permission to file a successive petition on at least six occasions."  *Id.*

Plaintiff's claim here is premised on the First Amendment's guarantee of the right to access the courts.  Bounds v. Smith, 430 U.S. 827, 97 S. Ct. 1491. 52 L. Ed. 2d 72 (1977) (reaffirming the long established principle that inmates have a fundamental constitutional right of meaningful access to the courts under the First Amendment), and cases cited therein.  To present a viable First Amendment claim regarding the denial of access to the courts, an inmate must also allege "actual injury." Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).  To show actual injury, the conduct complained of must have frustrated or impeded the inmate's efforts to pursue a

---

[2] Although Plaintiff does not identify the case, it appears that the dismissal by the Eleventh Circuit Court of Appeals occurred in case number 13-11787, on June 28, 2013.  Doc. 13 of case number 0:13cv60437, Southern District of Florida.

nonfrivolous legal claim, *Id.*, at 352-54, 116 S. Ct. at 2181, and the "legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." <u>Bass v. Singletary</u>, 143 F.3d 1442, 1445 (11th Cir. 1998), *citing* <u>Lewis</u>, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.  In <u>Lewis</u>, the Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

> 1.  The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.
>
> 2.  The prisoner must show the claim to which he was impeded was not frivolous.
>
> 3.  The conduct complained of must have impeded the inmate's capability to file the nonfrivolous action challenging his sentence or the conditions of his confinement.

*Id.* at 1281-83.

It is clear that the claim Plaintiff was attempting to litigate was frivolous.  Plaintiff's prior federal habeas petition was denied as untimely,[3] and that successive petition was unauthorized and due to be dismissed.  Plaintiff's appeal would not have changed the outcome.  Because Plaintiff has not shown that he was prevented from pursuing a claim with arguable merit, he cannot demonstrate that he was unconstitutionally denied access to the courts.

Judicial notice is also taken that as of July of 2012, Florida Circuit Judge Thomas M. Lynch barred Plaintiff "from filing any further pro se pleadings challenging his convictions and sentences."  Case number 85-12326CF10B, Seventeenth Judicial

---

[3] The order dismissing the case explained that Plaintiff previously filed a habeas petition in case number 97-7216 attacking his conviction.  The petition was dismissed "as time barred on December 4, 1998."  Doc. 7, case number 0:13cv60437.

Case No. 4:14cv114-RH/CAS

Circuit in and for Broward County, Florida.[4]  The order noted that Plaintiff had filed "repetitive successive, abusive, time barred, and frivolous motions" with as many "six prior motions for post-conviction relief as well as several prior motions to correct illegal sentence."  *Id.*  Plaintiff had also filed forty-seven separate appeals in the Fourth District Court of Appeal for the State of Florida.  *Id.*  It is apparent that Plaintiff has not been denied the opportunity to challenge his conviction.  *See also* Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (affirming dismissal of prior habeas petition as time barred).  Plaintiff cannot seek to collaterally challenge his conviction through a civil rights action, nor can he challenge it further in this Court.  This case must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that Plaintiff has now accumulated three strikes under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] That order was submitted by Plaintiff as an exhibit to his § 2254 habeas petition, doc. 1, filed in case number 0:13cv60437 in the Southern District of Florida. Doc. 1 at 36-38 of that case.

Case No. 4:14cv114-RH/CAS

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**